UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

RODNEY LIONEL BRADY,

                Plaintiff,                    Case No. 1:09-cv-186

v.                                      Honorable Paul L. Maloney

DONALD J. NOLAN et al.,

                Defendants.

_____/

**OPINION DENYING LEAVE**
**TO PROCEED *IN FORMA PAUPERIS* - THREE STRIKES**

        This is a civil rights action brought by a former state prisoner pursuant to 42 U.S.C. § 1983. At the time he filed this complaint in the Eastern District of Michigan Plaintiff was in the custody of the Michigan Department of Corrections (MDOC) and was incarcerated at the Lake County Residential Re-Entry Program (LCRRP). The Eastern District granted Plaintiff leave to proceed *in forma pauperis* and subsequently transferred Plaintiff's action to this Court. Plaintiff has filed at least three lawsuits in this Court that were dismissed for failure to state a claim. Accordingly, he is barred from proceeding *in forma pauperis* under 28 U.S.C. § 1915(g). The Court will vacate the previous order granting Plaintiff leave to proceed *in forma pauperis* and order Plaintiff to pay the $350.00 civil action filing fee within thirty days of this opinion and accompanying order. If Plaintiff fails to comply with the Court's order to pay the filing fee, his action will be dismissed without prejudice. Even if the case is dismissed, Plaintiff will be responsible for payment of  the $350.00 filing fee in accordance with *In re Alea*, 286 F.3d 378, 380-81 (6th Cir. 2002).

**Discussion**

The Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996), which was enacted on April 26, 1996, amended the procedural rules governing a prisoner's request for the privilege of proceeding *in forma pauperis*. As the Sixth Circuit has stated, the PLRA was "aimed at the skyrocketing numbers of claims filed by prisoners–many of which are meritless–and the corresponding burden those filings have placed on the federal courts." *Hampton v. Hobbs*, 106 F.3d 1281, 1286 (6th Cir. 1997). For that reason, Congress put into place economic incentives to prompt a prisoner to "stop and think" before filing a complaint. *Id.* For example, a prisoner is liable for the civil action filing fee, and if the prisoner qualifies to proceed *in forma pauperis*, the prisoner may pay the fee through partial payments as outlined in 28 U.S.C. § 1915(b). The constitutionality of the fee requirements of the PLRA has been upheld by the Sixth Circuit. *Id.* at 1288.

In addition, another provision reinforces the "stop and think" aspect of the PLRA by preventing a prisoner from proceeding *in forma pauperis* when the prisoner repeatedly files meritless lawsuits. Known as the "three-strikes" rule, the provision states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under [the section governing proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The statutory restriction "[i]n no event," found in § 1915(g), is express and unequivocal. The statute does allow an exception for a prisoner who is "under imminent danger of serious physical injury." The Sixth Circuit has upheld the constitutionality of the "three-strikes" rule against arguments that it violates equal protection, the right of access to the courts, and due process, and that it constitutes a bill of attainder and is *ex post facto* legislation. *Wilson v. Yaklich*, 148 F.3d 596, 604-06 (6th

Cir.1998); *accord Rodriguez v. Cook*, 169 F.3d 1176, 1178-82 (9th Cir. 1999); *Rivera v. Allin*, 144 F.3d 719, 723-26 (11th Cir. 1998); *Carson v. Johnson*, 112 F.3d 818, 821-22 (5th Cir. 1997).

Although Plaintiff has been released from custody, the three strikes provision still applies because Plaintiff was a prisoner when he filed his complaint. *See Holder v. Kansas*, No. 07-2059-SAC, 2008 WL 199821, at *1 (D. Kan. Jan. 23, 2008); *Benson v. Shelby Co.*, No. 06-2367, 2007 WL 2471515, at *3 (W.D. Tenn. Aug. 27, 2007). This Court has dismissed at least three of Plaintiff's actions for failure to state a claim. *See Brady v. Unknown Parties*, 1:08-cv-821 (W.D. Mich. Oct. 28, 2008); *Brady v. Ingham County Corr. Facility et al.*, 1:08-cv-839 (W.D. Mich. Oct. 28, 2008); *Brady v. Dagen et al.*, 1:08-cv-1133 (W.D. Mich. Dec. 23, 2008). Moreover, Plaintiff's allegations do not fall within the exception to the three-strikes rule because he does not allege any facts establishing that he is under imminent danger of serious physical injury.

In light of the foregoing, § 1915(g) prohibits Plaintiff from proceeding *in forma pauperis* in this action. Plaintiff has thirty days from the date of entry of this order to pay the entire civil action filing fee, which is $350.00. When Plaintiff pays his filing fee, the Court will screen his complaint as required by 28 U.S.C. § 1915A and 42 U.S.C. § 1997e(c). If Plaintiff fails to pay the filing fee within the thirty-day period, his case will be dismissed without prejudice, but he will continue to be responsible for payment of the $350.00 filing fee.

Dated:  March 17, 2009                    /s/ Paul L. Maloney
                                          Paul L. Maloney
                                          Chief United States District Judge

**SEND REMITTANCES TO THE FOLLOWING ADDRESS**:
Clerk, U.S. District Court
399 Federal Building
110 Michigan Street, NW
Grand Rapids, MI 49503

- 3 -

**All checks or other forms of payment shall be payable to "Clerk, U.S. District Court."**